## MURPHY vs. JENKINS and others.

Where, in replevin, the defendant noticed the cause for trial and the plaintiff was nonsuited for not appearing when it was called at the circuit, and the defendant, being entitled to a *return*, elected to take judgment for the value of the property replevied; *held*, that such value might be assessed upon a *writ of inquiry*, there being no *trial* within the provisions of the statute, (2 *R. S.* 531, § 55,) at which it could be assessed.

MOTION to set aside a nonsuit, a writ of inquiry and subsequent proceedings, for irregularity.

The action was replevin, and the property had been delivered to the plaintiff upon executing the writ. The defendants noticed the cause for trial, and the plaintiff failing to appear when it was called, was nonsuited. The defendants' pleadings entitling them to a return of the property, they sued out a writ of inquiry of damages, and the jury assessed the value of the property replevied at $450.

*John Cook*, for the plaintiff.

*Cromwell & Norton*, for the defendants.

*By the Court*, JEWETT, J. The irregularity complained of consists in having the value of the property assessed by a writ of inquiry. It is insisted that it should have been ascertained by the jury on the *trial*. This depends entirely upon the provisions of the statute. As I understand these provisions, whenever the property specified in the writ has been delivered to the plaintiff and the defendants recover judgment, (except when the property has been distrained,) by discontinuance, or *nonsuit*, or by default, or in any other manner, after having pleaded any matter, which, if admitted by the plaintiff, would be sufficient in law to entitle such defendant to a return of the property, such judgment must be for a return of the goods replevied, or for the value of the goods at his election; and in case the defendant

elects to take judgment for the value, such value, where there is a *trial*, must be assessed by the jury on such trial, and in all other cases by writ of inquiry. (2 *R. S.* 531, §§ 53, 54, 55.)

There was no trial in this case. The plaintiff did not appear or give any evidence, and for that cause was nonsuited. As the defendants elected to take judgment for the value of the property, a writ of inquiry was the proper mode of assessment.

Motion denied.